# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | |
| GERALD LINDSEY and ) | Case No. 03-21652-TLM |
| ONA LINDSEY, ) | |
| ) | SUMMARY ORDER |
| Debtors. ) | |
| _____ ) | |
| ) | |
| ) | |
| J. FORD ELSAESSER, Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-6098-TLM |
| ) | |
| MICHAEL SCOTT IOANE, et al, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On May 5, 2005, the Court ordered certain parties in this adversary proceeding (Defendants Nevak Mining LLC, LT & L, Inc., and Gerald and Ona Lindsey, all represented by attorney Britt Groom, and Defendants Michael Scott Ioane and Glenn Halliday, appearing *pro se*) to provide the Court with authorities and analysis regarding their demands for jury trials. *See* Doc. No. 453 (briefing order); *see also* Doc. Nos. 420, 421, 422 and 446 (answers containing demands for jury trial). The time provided for those parties to file those briefs (14 days) and for any response from the Plaintiff Trustee (10 days) has expired. Nothing whatsoever

SUMMARY ORDER - 1

has been filed.

The Court's briefing order instructed the parties to identify the claims or causes of action they believed were subject to jury trial, and to provide citation to and analysis of applicable legal authority. The Court gave the Defendants ample opportunity to comply with the briefing order. The Defendants failed to comply.

This Court has stated that a jury trial may only be allowed in bankruptcy "if the requesting party can demonstrate that the action is historically one brought at law, rather than in equity; that the remedy request[ed] . . . is legal, rather than equitable; and the party's right of action is 'public' versus 'private'." *Fitzgerald v. Mason (In re Mason)*, 96.1 I.B.C.R. 18 (Bankr. D. Idaho 1996) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1990)); *see also Whittier v. Key Bank of Idaho (In re Whittier)*, 94 I.B.C.R. 31 (Bankr. D. Idaho 1994) (similar). That the issues can be complex and difficult is amply illustrated by these decisions and by the dozens of other reported decisions addressing the question of jury trials in bankruptcy cases.

Here the Defendants have not complied with an express order of the Court. By failing to make submissions in accord with the briefing order, these Defendants provide no assistance to the Court in understanding the basis for their claims to a right of jury trial and no support for their demands thereto. They have not otherwise demonstrated that the facts, pleadings and case law support the claim of

SUMMARY ORDER - 2

a right to a jury trial. The failure, under the circumstances, amounts to a waiver of the asserted right.

Therefore, the Court concludes, based on the record before it, that these Defendants' requests and demands for jury trial shall be, and the same hereby are DENIED. The bench trial shall occur as presently scheduled.

DATED: June 3, 2005

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

SUMMARY ORDER - 3

CERTIFICATE RE: SERVICE

    A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

    Michael S. Ioane
    1735 East Bayshore Road, Suite 3A404
    Redwood City, CA   94063

    Glen Halliday
    1735 East Bayshore Road, Suite 3A404
    Redwood City, CA   94063

Case No.  04-6098 (Elsaesser v. Ioane)

Dated: June 3, 2005

/s/Jo Ann B. Canderan
Judicial Assistant to Chief Judge Myers

SUMMARY ORDER - 4