# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| GERALD LINDSEY and | ) | Case No.  03-21652-TLM |
| ONA LINDSEY, | ) | |
| | ) | **SUMMARY ORDER** |
| Debtors. | ) | **RE: IOANE FILINGS** |
| _____ | ) | |
| | ) | |
| | ) | |
| J. FORD ELSAESSER, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-6098-TLM |
| | ) | |
| MICHAEL SCOTT IOANE, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

A "housekeeping" order is once again required in this adversary

proceeding.

On July 30, 2004, the Court entered an Order instructing Defendant

Michael Ioane[1] that he was responsible for serving his own pleadings and

_____

[1] Ioane appears pro se, representing himself without the assistance of counsel. Generally speaking, federal courts make reasonable allowances for pro se parties and construe their papers and pleadings liberally. *See, e.g.*, *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 883 (9th Cir. BAP 1995). There are, however, limits to this proposition, and it has been held that the pro se civil litigant is not necessarily entitled to the liberality afforded to pro se prisoner litigants. *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986); *accord McNeil v. United States*, 508

(continued...)

SUMMARY ORDER RE: IOANE FILINGS - 1

documents, that the clerk's office would not serve them for him, and that should he submit any further documents to the clerk with instructions to effect service, those documents would be summarily destroyed. *See* Doc. No. 189. The Order also warned Mr. Ioane that his practice of marking pleadings served on him as "accepted [and] returned for value" and returning them to the clerk served no purpose and "place[d] an intolerable and entirely unnecessary burden upon the Court and clerk staff and needlessly increase[d] and complicate[d] the record[.]" Doc. No. 189 at 3. The Court noted that it would not allow the process to continue.

From the time the Court entered its previous Order in July 2004 until June 2005, Ioane has, for the most part, complied with the Court's Order. However, in June, 2005, the clerk was once again inundated by Ioane's duplicate pleadings and documents and requests for service by the clerk. These submissions violate the Court's previous Order and are dealt with herein.

**(1) June 3, 2005 Submissions**

On June 3, 2005 the clerk received from Ioane a memo dated May 31, 2005

---

[1](...continued)
U.S. 106, 113 (1993) (acknowledging requirement of liberal construction of pleadings filed by pro se defendants in criminal matters but noting it has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *see also In re Stober*, 193 B.R. 5, 9 (Bankr. D. Ariz. 1996). Ultimately such litigants, having elected to proceed without counsel, are obligated to comply with applicable Rules and any orders of the court. Further, there is no doubt that the Court retains the power to control the litigation before it. *See* § 105(a); Fed. R. Bankr. P. 1001, 7016. Ioane's status as a pro se litigant presents no impediment to the instant Order.

SUMMARY ORDER RE: IOANE FILINGS - 2

attaching approximately 30 pleadings previously filed in this adversary proceeding, each containing a handwritten notation that the same had been accepted and returned for value. *See* Attach. 1. The memo to the clerk was not a pleading, and the Court has instructed the clerk to discard the memo[2] and all attached duplicate pleadings.

As noted in the Court's previous Order, Doc. No. 189, if Ioane wishes to continue with his seemingly pointless exercise of announcing his acceptance and return of pleadings and papers served on him, he may do so through his own pleading without attaching already filed pleadings. His current process would guarantee virtually every pleading in the case would be filed twice, and it is an unacceptable as well as unnecessary practice. The Court has and will continue to discard all duplicate pleadings submitted for the purpose of "acceptance and return." [3]

In addition, Ioane suggests in this June 3 memo the clerk "may also wish to make copies for other interested parties." *See* Attach. 1. As noted in the previous Order, Doc. No. 189, the clerk's office does not effect service for litigants, nor

---

[2] It has long been a standard practice that, when pleadings are received along with a "cover letter" requesting their filing (now a rare occurrence given electronic filing), the letter is not made part of the record and is discarded by the clerk. Thus, disposition of Ioane's memo is not at all extraordinary.

[3] Furthermore, if Ioane's "acceptance" theory has any validity at all, something he certainly has not shown and the Court seriously doubts, it appears that Ioane has already made his point. Making the same notation on each and every page of the several hundred pleadings filed in this case has no apparent utility.

SUMMARY ORDER RE: IOANE FILINGS - 3

does it copy pleadings to be served on litigants or provide other secretarial services to litigants. Thus, no copies of Ioane's June 3, 2005 submissions were or will be made or provided to any party.

Any similar communications received by the clerk in the future will be destroyed, as stated in the Court's previous Order. *See* Doc. No. 189.

**(2) June 13, 2005 Submissions**

On June 13, 2005, the clerk received three memos from Ioane all dated June 9, 2005. *See* Attachs. 2, 3, 4. Initially, the Court notes that all three memos contain a "note" stating "Ford Elsaesser is the accepted and appointed Fiduciary for MICHAEL SCOTT IOANE, please send him copies and make sure all Defendants get copies." As stated above and in the Court's previous Order, it is not the clerk's function or role to effect service for Ioane. Neither the three memos nor their numerous attachments have been or will be copied or served by the clerk on any party to this adversary proceeding.

With these three memos, approximately 180 duplicate pleadings were submitted to the clerk. They were, in large part, merely stamped with Mr. Ioane's form "accepted for value" and "returned for value" language. *See, e.g.,* Attach. 2. These pleadings, like those discussed above, have been discarded by the clerk at the Court's instruction.[4] They serve no function other than to clutter an already

---

[4] The third memo, attach. 4, varies somewhat from the others in that it directs the clerk to
(continued...)

SUMMARY ORDER RE: IOANE FILINGS - 4

large case file. Ioane has clearly expressed his position regarding "acceptance and

return for value" and additional copies of existing pleadings with such notation

need not and will not be made part of the record.

### (3)  June 15, 2005 Submissions – Doc. Nos. 482-487

On June 15, 2005, the clerk received several pleadings from Ioane and pro

se Defendant Glen Halliday. These pleadings are captioned as "notices" and

appear to be originals. Thus they were docketed and made part of the record.[5]

Several of these pleadings, however, attached copies of previous Court Orders,

now of course bearing Ioane's stamped or handwritten notation regarding

acceptance and return. These duplicate pleadings, with the exception of the first

page which is retained for reference, have been discarded.

### (4)  June 1, 2005 Submission – Doc. No. 473

Finally, the clerk received and docketed a "Notice of Non-Interest by

Michael Scot Ioane and Glen Halliday and Request to Cease Communication[.]"

---

[4](...continued)
give a number of documents Ioane feels he "does not need" to his "fiduciary" the Plaintiff
Trustee. Just as the clerk need not and will not effect service for Ioane, the clerk will not act as
Ioane's courier and deliver documents. However, as several documents appear to be something
other than prior pleadings in this case, the clerk will maintain those documents that do not appear
to be duplicate pleadings for a period of fifteen (15) days in the event the Trustee or his counsel
(or other parties) wish to review them. As Ioane has not submitted these documents through
proper pleadings, nor indicated in any fashion a desire to have these documents become part of
the record, at the conclusion of fifteen days, the clerk will discard these documents.

[5]  While part of the record, if Ioane expects the Court to act on the basis of any of these
"notices," he will need to set the same for hearing upon proper notice and service to all parties.

SUMMARY ORDER RE: IOANE FILINGS - 5

Doc. No. 473.[6]  This notice and request states that "No issue or controversy exists before this court regarding MICHAEL SCOTT IOANE AND GLEN HALLIDAY, in their individual capacity."[7]  It further asserts that Ioane and Halliday, "in their individual capacities are fictions and/or artificial entities[.]"  In addition, the document requests the parties and Court "[p]lease stop referring to MICHAEL SCOTT IOANE and GLEN HALLIDAY as if they were natural human beings, which they are not."  It asks that the case be "closed" as to them.

While this notice, Doc. No. 473, might be read as a request to dismiss ("close") the adversary proceeding as against Ioane and Halliday, the Court declines to do so.  Not only have these Defendants failed to set the request for hearing, they have presented nothing more than an inartfully crafted allegation that might be "liberally" read as a motion to dismiss.  Further, contrary to their allegation that they are not properly part of the suit in their individual capacities and that they have no interest in the matter, they are named parties in this adversary proceeding, were served, and have previously filed answers with this Court.

---

[6]  Oddly, this pleading asking that communications cease was filed simultaneously with Doc. No. 472, Ioane's "notice of address correction" for mailings to him and Halliday.

[7]  The Court has previously and repeatedly ruled that Ioane and Halliday are before the Court *solely* in their individual capacities, and that their attempts to appear for or on behalf of other Defendants were improper and would not be allowed.  *See*, *e.g.*, Doc. No. 488; Doc. No. 189 at 4-5.

SUMMARY ORDER RE: IOANE FILINGS - 6

No action will be taken on this or any of the other notices in their present form. Further, Ioane and Halliday will continue to receive service of all relevant pleadings from the parties and the Court as applicable Rules require.

DATED: June 20, 2005



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

SUMMARY ORDER RE: IOANE FILINGS - 7

## CERTIFICATE RE: SERVICE

A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

Michael S. Ioane
1735 East Bayshore Road, Suite 3A404
Redwood City, CA   94063

Glen Halliday
1735 East Bayshore Road, Suite 3A404
Redwood City, CA   94063

Case No.  04-6098 (Elsaesser v. Ioane)

Dated:   June 20, 2005

/s/Jo Ann B. Canderan
Judicial Assistant to Chief Judge Myers

SUMMARY ORDER RE: IOANE FILINGS - 8