# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| GERALD LINDSEY and | ) | Case No. 03-21652-TLM |
| ONA LINDSEY, | ) | |
| | ) | **MEMORANDUM OF DECISION** |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| J. FORD ELSAESSER, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-6098-TLM |
| | ) | |
| MICHAEL SCOTT IOANE, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## BACKGROUND AND FACTS

Chapter 7 Trustee and Plaintiff Ford Elsaesser ("Plaintiff") sued numerous parties in this adversary proceeding. Defendants Mountain Property Management and Trust Company ("MPMT"), National Holding Trust ("NHT"), and Equitable Financial Services ("EFS") were defaulted and had a default judgment entered against them. MPMT, NHT and EFS sought to set aside the default judgment,

MEMORANDUM OF DECISION - 1

were unsuccessful, appealed, and their appeal was adversely resolved. Defendant Golden Opportunity ("GO") was defaulted and a default judgment was entered against it. GO never sought relief from that judgment. Collectively GO, MPMT, NHT and EFS are referred to as the "Defaulted Defendants."

On April 1, 2005, Plaintiff filed its first amended complaint. *See* Doc. No. 411. On April 18, 2005 the Defaulted Defendants, along with certain other Defendants represented by the same counsel, filed an answer to the first amended complaint. *See* Doc. No. 419.[1]

Plaintiff has moved to strike the answer to the first amended complaint to the extent it is asserted by the Defaulted Defendants. *See* Doc. No. 448. This motion was heard on June 1, 2005. *See* Doc. No. 477 (minute entry). The Court took the issue under advisement subject to post hearing briefing. *Id.* That briefing has now been filed. *See* Doc. Nos. 493, 499.

This decision constitutes the Court's findings and conclusions to the extent required by applicable rule. The Court finds Plaintiff's motion well taken and it will be granted.

**DISCUSSION AND DISPOSITION**

The Defaulted Defendants argue that when a plaintiff files an amended

---

[1] This answer was filed on behalf of the Defaulted Defendants and Defendants Searchlight Trust, American Lending Services, Alana Louise Atchison, Marianne Holes, Rene Lindsey and Loraine Robinet. All these Defendants are represented by attorneys Todd S. Richardson and Clinton J. Henderson. *Id.*

MEMORANDUM OF DECISION - 2

complaint, the same supercedes the original complaint and causes it to cease to function as a pleading. Thus, they contend, a default judgment entered on such a superseded complaint becomes a nullity and a judgment can be entered only upon the amended complaint. *See* Doc. No. 493 at 2-5.

However accurate the authorities cited by the Defaulted Defendants might be in general, the Court must consider the actual facts of this case. The Court therefore reads those authorities through the prism provided by the pleadings filed in and the history of this litigation.

Here, the first amended complaint states:

> This First Amended Complaint is only as to Defendants for which an Order of Default and Default Judgment have not been entered.

*See* Doc. No. 411 at 5. This caveat might arguably have been better phrased. And it was, perhaps, artless of Plaintiff to "name" the Defaulted Defendants as well as all non-defaulted Defendants in this first amended complaint, and to repeat in its prayer for relief requests that appear to relate to "all" Defendants. *See id.* at 41, 44-46.

Notwithstanding the less than fine brush used, Plaintiff has steadfastly maintained that the first amended complaint is directed toward non-defaulted Defendants only. In addition to the quoted language from page 5 of the first amended complaint, Plaintiff's service of the first amended complaint provides

MEMORANDUM OF DECISION - 3

further evidence that it was not directed toward the Defaulted Defendants and did not supersede the original complaint as to them. *See* Doc. No. 412 ("Affidavit of Service") (reflecting service on Attorney Richardson "as attorney for Searchlight Trust[,] Marianne Holes[,] American Lending Services[,] Loraine Robinet[,] Alana Louise Atchison[, and] Rene Howden").[2]

Nothing in the Affidavit of Service reflects any service on the Defaulted Defendants whether through identified attorneys or otherwise. That Mr. Richardson and Mr. Henderson received copies of the first amended complaint has everything to do with their representation of numerous non-defaulted Defendants, and nothing to do with their representation of the Defaulted Defendants. Without service of the first amended complaint on the Defaulted Defendants, the first amended complaint could not supersede the original complaint as to those parties. *Accord*, *Int'l Controls Corp. v. Vesco,* 556 F.2d 665, 669 (2d Cir. 1977). Thus, there was no renewal, resurrection, or reinvigoration of suit by Plaintiff against those Defaulted Defendants or any waiver of the earlier default judgment.

Without quarreling with the general principal enunciated in the cases cited by the Defaulted Defendants, those cases do not appear apropos to the case at bar. Under the particular facts and circumstances of the present case, the Court

---

[2] The Affidavit of Service also shows service on Attorney Henderson as counsel for the same non-defaulted Defendants and also on Attorney Peter Cabbiness as an attorney for Searchlight Trust and American Lending Services. *Id.* at 3.

MEMORANDUM OF DECISION - 4

concludes that Plaintiff's prior default judgment against the Defaulted Defendants has not been rendered moot or superseded by the filing of the first amended complaint against and its service on non-defaulted Defendants.

**CONCLUSION**

Plaintiff's motion, Doc. No. 448, will be GRANTED. Plaintiff shall submit an appropriate form of order.

DATED: July 13, 2005

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 5

CERTIFICATE RE: SERVICE

    A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

    Michael S. Ioane
    1735 East Bayshore Road, Suite 3A404
    Redwood City, CA   94063

    Glen Halliday
    1735 East Bayshore Road, Suite 3A404
    Redwood City, CA   94063

Case No.  04-6098-TLM (Elsaesser v. Ioane)

Dated:   July 13, 2005

/s/Jo Ann B. Canderan
Judicial Assistant to Chief Judge Myers

MEMORANDUM OF DECISION - 6